(57 South. 525.)

No. 19,139.

## FISCHER et al. v. PARISH SCHOOL BOARD et al.

(Jan. 29, 1912.)

*(Syllabus by the Court.)*

1. ELECTIONS (§ 285*)—CONTESTS—PETITION —SUFFICIENCY.

A petition alleging irregularities in an election and that the result was thereby changed shows a cause of action, unless it clearly appears from all the allegations taken together that the irregularities charged did not affect the result of the election.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 285.*]

2. ELECTIONS (§ 285*)—CONTESTS—PETITION —SUFFICIENCY.

Where the allegations of a petition disclose a corrupt combination or conspiracy to control an election by inducements amounting to bribery of voters, they show a cause of action.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 266–277; Dec. Dig. § 285.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Action by John Fischer and another against the Parish School Board and others. From a judgment sustaining an exception of no cause of action, plaintiffs appeal. Reversed and remanded.

B. B. Purser, for appellants. W. H. McClendon, F. W. Sherman, and R. C. & S. Reid, for appellees.

LAND, J. Plaintiffs, property taxpayers, residents, and qualified voters of school district No. 52, in the parish of Tangipahoa, sued to set aside a special election held in said district to ascertain the will of the property taxpayers on a proposition to levy a special tax of 3 mills for 10 years on all the taxable property in the district aforesaid to secure the payment of an issue of bonds to the amount of $20,000. The grounds of the contest are fraud and illegality in the conduct of the election.

The petition alleges that the largest taxpayer in the district who was opposed to the tax was induced to change his vote by reason of a corrupt written agreement with a deputy assessor and other persons, which was acquiesced in by the assessor and board of review, to the effect that for the year 1912 and subsequent years the assessment of said taxpayer would be so reduced as to practically relieve him from the payment of the special tax of 3 mills. The petitioners allege that, if said taxpayer had voted "No" instead of "Yes," the election would not have carried; the assessed valuation of said taxpayer being $20,640, and the amount voted for the tax being $57,440, and against the tax $26,760. The petition further alleges that proxies were obtained from both white and colored taxpayers on representation that there would be no increase in the aggregate amount of taxes on account of the revision of valuation as covered by the said agreement, and that a lady who had already given a proxy to vote against the tax was induced to give another proxy to a person who in violation of her instructions voted the same for the tax, instead of against the tax. The petition further alleges that two co-owners in indivision of property valued at $1,380 were not permitted to vote at the election; that a nonresident taxpayer, owning property in the district of the assessed value of $400, was not permitted to vote; and that a resident widow assessed with community property to the amount of $2,970 was not permitted to vote. The petition further alleges that in the canvassing of the votes the valuation on a certain ticket was returned as $9.30 instead of $930.

On motion of the plaintiffs, the court ordered the said largest taxpayer to produce the alleged written agreement, but he successfully pleaded that, if the document ever had any existence, its production would subject him to a criminal prosecution for a

felony under the provisions of section 2 of Act 78 of 1890.

Defendants filed an exception of no cause of action, which was sustained, and plaintiffs have appealed.

[1] The contention of counsel for the appellees is thus stated in their brief:

"In other words, if your honors should strike out the alleged influenced vote of J. R. Abels, and allow plaintiffs all the votes they contend for in their petition, there is still a majority in favor of the tax."

[2] Counsel overlooked the allegations of fraud as to proxies, as to which no figures are given in the petition, which, moreover, alleges that the election would not have been carried had Mr. Abels voted "No," instead of "Yes." It therefore cannot be said on the face of the petition that the illegalities charged in the petition did not affect the result of the election. Moreover, the fraudulent practices alleged in the petition are not mere irregularities, but amount to a corrupt combination or conspiracy to control the election by bribery.

We think that the exception should have been overruled.

It is therefore ordered that the judgment below be reversed, and it is now ordered that this cause be remanded for further proceedings according to law.