168 So. 500

## JONES v. STEPHENS.

No. 33899.

May 25, 1936.

J. G. Gibbs, of Natchitoches, J. Rush Wimberly, of Arcadia, H. G. Fields, of Farmerville, and Cas Moss and Harry Fuller, both of Winnfield, for appellant.

Lee & Lee and Tucker & Mason, all of Shreveport, and Stephens & Gahagan, S. R. Thomas, and Rusca & Cunningham, all of Natchitoches, for appellee.

BRUNOT, Justice.

The Tenth judicial district of the state of Louisiana is composed of the parishes of Natchitoches and Red River. In the Democratic Primary, held on January 21, 1936, for the nomination of a party candidate for judge of that district for the four years succeeding the present judge's term of office, there were three candidates for the nomination. The plaintiff received the highest number of votes cast at said election, and the defendant the second highest number of said votes. A second, or run-off primary, between the two litigants was ordered and held on March 3, 1936. Following this primary election a committee, styling itself the Democratic Committee for the Tenth judicial district of Louisiana, but whose authority to act in the premises is questioned by the plaintiff, tabulated and compiled the returns of said election and promulgated the result thereof.

In due time thereafter the plaintiff filed this suit, in which he contests said election upon various grounds, and claims to have received a majority of the legal votes cast therein and is, therefore, the duly elected nominee of the Democratic Party of the Tenth judicial district of Louisiana for the office of district judge of and for said judicial district, and entitled to be placed on the regular ticket, as such nominee, to be voted at the general elec-

tion to be held on the 10th day of November, 1936.

The prayer of the petition is for citation upon the defendant according to law; for the sequestration of the seven ballot boxes described in the petition and used in the primary election; that said primary election be declared void; and that plaintiff be declared to be the nominee of the Democratic Party for said office, and, as such, ordering his name to be placed on the official ballot to be voted in said general election. In the alternative, the plaintiff prays that the entire primary election contested be annulled and a new election be ordered held in said judicial district. The prayer is lengthy and we have merely stated the substance of it.

The first plea the defendant filed was an exception of nonjoinder of proper parties. The second was an exception of no cause or right of action. The third was an answer to the petition. Thereafter the plaintiff filed a first and second supplemental and amended petition. The defendant excepted to the citation of the first supplemental and amended petition, but this exception was disposed of by the service of a corrected citation, etc. Defendant then filed exceptions of nonjoinder and vagueness, and an exception to each of the supplemental and amended petitions, upon two grounds, first, that the amendments injected new issues into the case, and came too late, and, second, that the original petition did not state a cause or right of action. Defendant then pleaded estoppel to the allowance of the supplemental and amended petitions. The exceptions

mentioned and the plea of estoppel were heard, the trial judge ruled out both supplemental and amended petitions, overruled the exception of nonjoinder, did not pass upon the exception of vagueness, or the plea of estoppel, but sustained the exception of no cause or right of action, in part only. Proper notice was given of the plaintiff's intention to apply to the Supreme Court. for remedial writs, but, before this application was made, the trial judge, with the consent of counsel, ex proprio motu, reopened the case and rendered the following judgment:

"The exception of no cause or right of action filed herein by defendant, and tried and submitted to the court for adjudication on Friday, April 10, 1936, at 6:30 P. M., having been sustained in part and overruled in part on Monday, April 13, 1936, as shown by the minutes of this court * * * of that date, and the court ex proprio motu having reconsidered the said exception, both plaintiff and defendant consenting to such reconsideration, as shown by the minutes of this date, for reasons orally assigned, supplemented by reasons dictated to the stenographer and filed herein, the law being in favor thereof,

"It is now Ordered, Adjudged and Decreed that there be judgment herein in favor of the defendant, Paul Stephens, and against the plaintiff, James W. Jones, Jr., sustaining the exception of no cause or right of action, and, accordingly, plaintiff's suit is hereby dismissed at his costs."

The plaintiff appealed from the judgment and he relies upon several alleged er-

rors which are enumerated in his brief for a reversal of the judgment and a remand of the case.

Inasmuch as the case is before us on an appeal from a judgment maintaining defendant's exception of no cause or right of action, we will first ascertain whether or not plaintiff's original petition discloses a cause of action. If we find that it does not, it will then be proper to ascertain whether or not the court erred in rejecting the plaintiff's supplemental petitions, and, finally, if we find that it did, whether or not the amended petitions state a cause of action.

▆▆▆ The original petition contains 31 articles. In passing upon exceptions of no cause of action, all well-pleaded facts must be taken as true. So holding, we will state the substance of the facts alleged in plaintiff's original petition. It is alleged therein that a conspiracy, composed of certain named and unnamed conspirators, was formed for the alleged fraudulent purpose of coercing the commissioners of election; of intimidating and corrupting the electors; and of nullifying the laws enacted to secure the sanctity of the ballot. It is specifically alleged that 500 spoiled ballots were counted for the defendant, which should have been eliminated from the count, and that said illegal ballots were sufficient in number to change the result of the election. It is alleged that 57 illegal absentee votes were cast at a certain named and numbered precinct, the Coushatta box, which illegal votes were counted for the defendant. It is alleged that plaintiff received a majority of the

legal ballots cast for judge in the Democratic Primary Election held in the Tenth judicial district of Louisiana, on March 3, 1936, and is the legally elected nominee of the Democratic Party for said office. These allegations, which, for the purposes of this exception, we accept as true, do, in our opinion, state a cause of action. In the case of Fischer et al. v. Parish School Board et al., 129 La. 1083, 57 So. 525, this court had before it a contested election case which was predicated upon alleged fraud and illegality in the conduct of the election. We quote from the syllabus of that case the following:

"A petition alleging irregularities in an election and that the result was thereby changed shows a cause of action, unless it clearly appears from all the allegations taken together that the irregularities charged did not affect the result of the election.

"Where the allegations of a petition disclose a corrupt combination or conspiracy to control an election by inducements amounting to bribery of voters, they show a cause of action."

In the case of Dupuis et al. v. Drainage Commissioners, 143 La. 656, 79 So. 210, this court held, quoting from the syllabus, the following:

"An election is vitiated by fraud or illegality which affects the result, and upon such showing will be decreed void and of no effect."

It is needless to particularize the manner in which other irregularities are charged,

in plaintiff's original petition, to have been committed at the polls.

Appellee answered the appeal and prays that the judgment appealed from be amended by annulling that part thereof overruling his exception of nonjoinder, and by sustaining said exception, and affirming the judgment as thus amended.

Our conclusion is that the judgment appealed from should be avoided, that the defendant's exception of no cause of action should be overruled, and this case should be remanded to the district court to be proceeded with according to law and the views herein expressed, and it is so decreed, with costs of this appeal to be paid by appellee.

O'NIELL, C. J., absent.

ODOM, Justice (concurring).

I think the petition in this case sets out a cause of action, but only to the extent that it is alleged that 500 spoiled ballots and 57 illegal absentee ballots in certain designated boxes were counted for the defendant. The other allegations of fraud and irregularities are entirely too general and indefinite to admit of proof. I think the testimony on the trial of the case should be confined strictly to the question whether spoiled ballots were counted and whether illegal absentee ballots were counted for the defendant. According to the plaintiff's allegations, if these alleged illegal ballots had not been counted, the results would have been different and he would have been nominated.